428

S.C 73/22 of Sept. Term 1822 *William G. Taylor*
*vs Luther Smith* Filed in Clerk's office Oct. 28th 1822— 
Leib for pltff

Territory of Michigan SS.⎱ of the term of September in the year of our Lord one
⎰ thousand eight hundred and twenty two—

William G Taylor Plaintiff in this cause complains of Luther Smith Defendant in Custody &c of a plea of tresspass on the case for that whereas the said Luther on the twenty seventh day of November 1821 at Monroe in the County of Monroe in the Territory aforesaid, and within the Jurisdiction of this Court, being Under Sheriff in and for the County of Monroe aforesaid, by virtue of an appointment under the hand and seal of Samuel Felt Esquire late High Sheriff in and for the County aforesaid, duly recorded in the office of the Clerk of the County Court of Monroe aforesaid, which said Samuel departed this life before the several grievances hereinafter mentioned and named, he the said Luther on the demise of the said Samuel, by virtue of an act of this Territory entitled "an act concerning Sheriffs" became clothed with all the powers and required to execute in all things the office of High Sheriff for said County, until the appointing & commissioning of a successor to the said Samuel. In pursuance of which and acting in such capacity, no Successor of the said Samuel having been appointed he the said Luther on the day and year at the place and within the Jurisdiction aforesaid by virtue of a Capias ad Satisfaciendum issued by the Clerk of the Supreme Court, of the Territory aforesaid dated on the fifth day of November in the year aforesaid against the said William, Benjamin Davis, and Wolcott Lawrence in favor of Benjamin F Larned took the body of the said William, and him committed to the Jail in said County, and afterwards, to wit, on the fifth day of December in the year aforesaid the said William being so committed, and in close custody in the Debtors room of the Jail aforesaid, in conformity with, and pursuant to an act of this Territory, entitled "an act regulating prison Bounds" then and still in force within the Territory aforesaid, executed and gave unto the said Benjamin F Larned a Bond with four Sureties resident in said County in double the sum of said Execution conditioned for the safe continuance of the said William in the Custody of the Jailer of said Jail, within the limits of the prison bounds until legally discharged, which said bond so given and executed as aforesaid, was on the day and year, at the place and within the jurisdiction aforesaid approved by two Justices of the Peace for the County of Monroe aforesaid, in conformity with the act last aforesaid. And afterwards, to wit, on the fifth day of December in the year aforesaid, the said William at the Debtors room in the said Jail, in said County, and within the Jurisdiction aforesaid did tender and offer to the said Luther then acting in the capacity aforesaid, no Successor having been appointed to the said Samuel, the Bond so executed and approved as aforesaid— Whereby it became and was the duty of the said Luther to accept said bond, and give and extend to the said William the benefit and advantage of the Prison bounds which had been and then were established according to law around and adjoining said Jail—

And also for that whereas, on the same day and year, at the place and within the Jurisdiction aforesaid, he the said William G Taylor being confined and in close custody in the debtors room in the Jail of the County aforesaid, under and by

virtue of a capias ad satisfaciendum issued by the Clerk of the Supreme Court of the territory aforesaid dated on the 5th day of November in the year aforesaid at the suit of Benjamin F Larned against the said William G Taylor, Benjamin Davis & Wolcott Lawrence for the sum of Seven hundred & thirty two dollars & Sixty one cents damages, and thirty one Dollars & thirteen & ¾ Cents costs, and afterwards, to wit on the fifth day of December, in the year aforesaid, the said William being so committed and in close custody in the debtors room in the Jail aforesaid, in conformity with and pursuant to an act of this Territory entitled "an act regulating prison bounds" then and still in force within the Territory aforesaid executed and gave unto the said Benjamin F Larned a Bond with four sureties resident in said County in double the sum of said Execution so conditioned for the safe continuance of the said William in the custody of the Jailer of said Jail, within the limits of the Prison bounds until legally discharged, which said bond so given and executed as aforesaid was on the day and year at the place, and within the Jurisdiction aforesaid approved by two Justices of the peace for the County of Monroe aforesaid, in conformity with the act last aforesaid, and afterwards, to wit, on the 5th day of Dec[r] in the year aforesaid the said William at the debtors room at the said Jail in the said County, and within the Jurisdiction aforesaid did tender and offer to the said Luther the bond so executed and approved as aforesaid and did then, and there require, ask, and demand, the benefit and advantage of the prison bounds, which had been and were then established according to law, around and adjoining said jail, as was the duty of the said Luther being Under Sheriff in and for the County of Monroe aforesaid, by virtue of an appointment under the hand and seal of Samuel Felt Esq late High Sheriff in and for the County aforesaid, duly recorded in the office of the Clerk of the County Court of Monroe aforesaid which said Samuel departed this life, before the several grievances hereinbefore mentioned, Wherefore he the said Luther on the demise of the said Samuel, by virtue of an act of this territory entitled "an act concerning Sheriffs" became clothed with all the powers & required to execute in all things the office of High Sheriff for said County, until the appointing and commissioning of a Successor to the said Samuel, and the said Plaintiff avers that the said grievances hereinbefore mentioned occurred and took place between the demise of the said Samuel Felt Esquire, and previous to and before the appointing & commissioning of a Successor to said office and whilst the said Luther was acting under and by virtue of said appointment and in pursuance of the said act entitled "an act concerning Sheriffs" Yet the said Luther not regarding of his said office as such under Sheriff, nor the said Statute entitled "an act regulating Prison bounds" but contriving and wrongfully and unjustly intending to injure the said Plaintiff in this behalf, and to hinder and prevent him from that benefit, privilege, and advantage of the prison bounds, which had been and were then laid off, by metes and bounds around, and adjoining said goal, by the Judges of the County Court of the County aforesaid, and which were established by the act aforesaid, the same not exceeding more than one mile in any direction from said goal, did not, or would accept of the said bonds so executed and approved of as aforesaid, at the time when he was so requested as aforesaid, to wit, on the said 5th day of Dec[r] in the year aforesaid, at Monroe aforesaid and within the Jurisdiction aforesaid, but on the contrary thereof, Then and there wholly refused to accept of the said bonds, and did then and there within the debtors room in the jail aforesaid keep and detain the said Plaintiff for a great space of time, to wit, the space of 16 days Whereby the said Plaintiff was prevented from having and enjoying the comfort, benefit and advantage of said prison bounds, to the great injury and incon-

430

venience of the health and business of the said Plaintiff, to the damage of the said Plaintiff one thousand dollars and therefore he brings suit &c

J L Leib attry for Pltf